UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:11-cv-80155-JIC

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. MORTGAGE FUNDING, INC., | ) |
| a Florida corporation, | ) |
| | ) |
| DEBT REMEDY PARTNERS, INC., | ) |
| a Florida corporation, | ) |
| | ) |
| LOWER MY DEBTS.COM, LLC, | ) |
| a Florida limited liability company, | ) |
| | ) |
| DAVID MAHLER, individually and as an officer | ) |
| of Debt Remedy Partners, Inc. and | ) |
| a former officer of U.S. Mortgage Funding, Inc., | ) |
| | ) |
| JOHN INCANDELA, JR., a.k.a. Jonathan | ) |
| Incandela, Jr., individually and as a former director | ) |
| of U.S. Mortgage Funding, Inc. and a manager of | ) |
| Lower My Debts.Com, LLC, and | ) |
| | ) |
| JAMEN LACHS, individually and as an officer of | ) |
| U.S. Mortgage Funding, Inc., | ) |
| | ) |
| Defendants. | ) |

**STIPULATED PRELIMINARY INJUNCTION
AS TO DEFENDANT JAMEN LACHS**

Plaintiff Federal Trade Commission ("FTC" or the "Commission") commenced this action on February 7, 2011, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. Concurrently, Plaintiff

filed a Motion For an *Ex Parte* Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Motion for TRO"). On February 9, 2011, the Court entered an *Ex Parte* Temporary Restraining Order. Later, on April 20, 2011, Defendant Jamen Lachs was properly served with the Complaint, Summons, and other papers filed in support of Plaintiff's Motion for TRO. On April 26, 2011, an Affidavit of Service executed on Jamen Lachs (DE 74) was filed with the Court. The FTC and Defendant Jamen Lachs have stipulated and agreed to entry of this preliminary injunction order ("Order").

## FINDINGS

By stipulation of the parties, the Court finds as follows:

1. The FTC and Defendant Jamen Lachs have stipulated and agreed to the entry of this preliminary injunction order ("Order") without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

2. This Court has jurisdiction over the subject matter of this case and over personal jurisdiction over Defendant Jamen Lachs.

3. Venue properly lies with this Court.

4. There is good cause to believe that Defendant has engaged, and is likely to continue to engage, in acts or practices that violate Sections 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310 and that the FTC is, therefore, likely to prevail on the merits of this action.

5. Defendant Jamen Lachs waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

6. As an agency of the United States, the FTC need not post a security for the issuance of a preliminary injunction. Fed.R.Civ.P. 65(c).

7.    This order is in the public interest.

## DEFINITIONS

For purposes of this Stipulated Preliminary Injunction Order, the following definitions shall apply:

1.    **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of the Defendant, or held for the benefit of the Defendant, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts, and all cash and currency, or other assets, or any interest therein, wherever located.

2.    **"Assisting others"** includes, but is not limited to, providing any of the following goods or services to another person: (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including, but not limited to the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, or manager, or principal of any entity.

3.    **"Defendant"** means Jamen Lachs, Jamen Lachs doing business as Lachs Capital LLC, Lachs Capital LLC doing business as "Diversified Home Solutions," and by whatever other names he may be known.

4.    **"Document"** is synonymous in meaning and equal in scope to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a)(1)(A).

5. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

6. **"Material"** means likely to affect a person's choice of, or conduct regarding goods or services.

7. **"Mortgage assistance relief service"** means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (1) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (2) obtain or arrange any renegotiation, settlement, modification, or other alteration of any term of a mortgage, deed of trust, or home loan; (3) obtain any forbearance from any mortgage loan holder or servicer; (4) exercise any right of reinstatement of any mortgage loan; (5) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (6) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (7) obtain a loan or advance of funds that is connected to the consumer's home ownership; (8) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (9) save the consumer's residence from foreclosure; (10) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (11) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (12) obtain or arrange a refinancing, recapitalization, or reinstatement of a mortgage, deed of trust, or home loan; (13) audit or examine any term of a consumer's mortgage, deed of trust, or home

loan application; or (14) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

8. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

9. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

10. **"Receiver"** means Michael I. Goldberg, Esq. of Akerman Senterfitt & Edison PA.

11. **"Receivership Entities"** means U.S. Mortgage Funding, Inc., Debt Remedy Partners, Inc., Lower My Debts.Com LLC, and their successors, assigns, affiliates, subsidiaries, and doing business as names.

12. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

### PROHIBITED REPRESENTATIONS

I. **IT IS ORDERED** that in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, Defendant Jamen Lachs, and his agents, servants, employees and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this

Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, is hereby preliminarily restrained and enjoined from misrepresenting, or from assisting others who are misrepresenting, either orally or in writing, expressly or by implication:

    A.    That Defendant or any other person will:

        1.    obtain or arrange for consumers' mortgage loan modifications that will make consumers' mortgage payments substantially more affordable;

        2.    guarantee a loan modification or obtain a loan modification with a high likelihood of success;

        3.    obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage;

        4.    stop, prevent, or postpone any home mortgage foreclosure sale or save any consumer's residence from foreclosure;

    B.    The terms that any beneficiary, mortgagee, or other home-loan holder will or is likely to offer or accept to cure any delinquency or default on, or to reinstate or modify, any mortgage, deed of trust, or other home loan;

    C.    The amount of time it will take or is likely to take to obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement;

    D.    The degree of success that Defendant or any other person has had in performing mortgage loan modification or foreclosure relief services;

    E.    The nature of Defendant's or any other person's relationship with any mortgage loan holder or servicer, or other lender;

F. That Defendant or any other person has received a request or application for loan modification from a consumer;

G. That Defendant or any other person has the ability to approve a request or application for loan modification;

H. That Defendant or any other person is a loan modification department or modification department or works for such a department; or

I. Any material fact.

**PROHIBITED BUSINESS ACTIVITIES
PURSUANT TO THE TELEMARKETING SALES RULE**

II. **IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage, credit repair service, credit-related product, program, or service, or mortgage loan modification or foreclosure relief service to consumers, Defendant Jamen Lachs, and his agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from violating, or assisting others in violating, any provision of the TSR, 16 C.F.R. Part 310, as presently promulgated, by, including, but not limited to:

A. Misrepresenting, directly or by implication, a material aspect of the performance, efficacy, nature or central characteristic of such services, including that Defendant or any other person will obtain mortgage loan modifications for consumers in all or virtually all instances that will make their mortgage payments substantially more affordable in violation of Section 310.3(a)(2)(iii) of the TSR,

16 C.F.R. § 310.3(a)(2)(iii);

B. Misrepresenting, directly or by implication, an affiliation with or endorsement or sponsorship by, a person or government entity, including that Defendant or any other person is part of, affiliated with or endorsed by lenders of consumers to whom they offer their loan modification or foreclosure relief services in violation of Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii);

C. Misrepresenting, directly or by implication, a material aspect of the nature or terms of the seller's refund, cancellation, exchange, or repurchase policies, including that Defendant or any other person will give full refunds if Defendant or any other person fails to obtain a loan modification or provide foreclosure relief for consumers, Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv);

D. Initiating or causing others to initiate, an outbound telephone call to a person's telephone number on the Registry in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B); or

E. Initiating, or causing others to initiate, an outbound telephone call to a telephone number within a given area code without either directly or through another person, first paying the required annual fee for access to the telephone numbers within that area code that are included in the Registry, in violation of the TSR, 16 C.F.R. § 310.8.

## ASSET FREEZE

III. **IT IS FURTHER ORDERED** that Defendant and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive

actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are restrained and enjoined from:

    A.    Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, wherever located, including outside the United States, that are:

        1.    owned or controlled by, or held for the benefit of, directly or indirectly, of the Defendant, in whole or in part;

        2.    in the actual or constructive possession of the Defendant;

        3.    held by an agent of any of the Defendant as a retainer for the agent's provision of services to Defendant; or

        4.    owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by the Defendant, including, but not limited to, any assets held by, for, or subject to access by, the Defendant at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

    B.    Opening or causing to be opened any safe deposit boxes titled in the name of the Defendant, or subject to access by the Defendant;

    C.    Obtaining a personal or secured loan encumbering the assets of the Defendant, or

subject to access by the Defendant;

    D.    Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of the Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by the Defendant;

    E.    Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of the Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by the Defendant; and

    F.    Failing to disclose to Plaintiff, immediately upon service of this Order, information that fully identifies each asset of the Defendant, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

*Provided, however*, that the assets affected by this Paragraph III shall include the assets of the Defendant, whether held individually or jointly, existing at the time of entry of the TRO entered on February 9, 2011, as well as assets acquired after entry of the TRO and the effective date of this Order, only if such after-acquired assets are derived from the activity prohibited by this Order or derived from any violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) or the TSR, 16 C.F.R. Part 310.

## MODIFICATION TO DISCOVERY RULES

IV.    **IT IS FURTHER ORDERED** that the FTC and Defendant Jamen Lachs may begin seeking discovery, as it relates to them, from any source as of the date of entry of this order; *provided, however*, the parties shall still be required to meet pursuant to Federal Rule of Civil Procedure 26(f) when appropriate.

## FINANCIAL REPORTS AND ACCOUNTING

**V.     IT IS FURTHER ORDERED** that to the extent not already produced, and no later than three (3) business days after entry of this Order, Defendant shall provide to counsel for the Commission:

A.     Completed financial statements fully disclosing Defendant's finances and those of all corporations, partnerships, trusts or other entities that Defendant owns, controls, or is associated within any capacity, jointly or individually, on the forms attached to this Order as Attachments A and B, accurate as of the date of service of this Order upon Defendant;

B.     Copies of signed and completed federal and state income tax forms, including all schedules and attachments for the three most recent filing years;

C.     Provide access to records and documents held by financial institutions by signing the Consent to Release of Financial Records attached to this Order as Attachment C; and

D.     Provide copies of such other financial statements as Plaintiff may request in order to monitor Defendant's compliance with the provisions of this Order;

E.     The name, address and telephone number of each accountant, financial planner, investment advisor, stock broker or other individual, corporation, or partnership whom Defendant has used for financial, business or tax advice or services, since January 1, 2008.

## COOPERATION WITH THE RECEIVER

**VI.     IT IS FURTHER ORDERED** that Defendant shall fully cooperate with and assist the Receiver. Defendant's cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any login and password required to access any computer or electronic files or information in any medium; and advising

all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver. Defendant is hereby restrained and enjoined from directly or indirectly:

    A.    Transacting any of the business of the Receivership Entities;

    B.    Excusing debts owed to the Receivership Entities;

    C.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Entities;

    D.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities, or the Receiver;

    E.    Failing to notify the Receiver of any asset, including accounts, of the Receivership Entities held in any name other than the names of the Receivership Entities, or by any person or entity other than the Receivership Entities, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; or

    F.    Doing any act or thing whatsoever to interfere with the Receiver's taking and keeping custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Entities; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

This Section does not prohibit transfers to the Receiver, as specifically required in Section VII (Delivery of Receivership Property) of this Order.

## DELIVERY OF RECEIVERSHIP PROPERTY

**VII.    IT IS FURTHER ORDERED** that immediately upon service of this Order upon him, Defendant shall forthwith or within such time as permitted by the Receiver in writing, deliver to the Receiver possession and custody of:

    A.     All funds, assets, and property of the Receivership Entities, whether situated within or outside the territory of the United States, which are: (1) held by the Receivership Entities, individually or jointly, (2) held for the benefit of the Receivership Entities, or (3) under the direct or indirect control, individually or jointly, of the Receivership Entities;

    B.     All documents of the Receivership Entities, including but not limited to all books and records of assets including funds and property, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), corporate minutes, contracts, customer and consumer lists, title documents, and electronic records;

    C.     All funds and other assets belonging to members of the public now held by the Receivership Entities;

    D.     All keys, computer and other passwords, entry codes, combinations to locks required to open or gain access to any of the property or effects, and all monies in any bank deposited to the credit of the Receivership Entities, wherever situated; and

    E.     Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Entities.

## PRESERVATION OF RECORDS

**VIII.    IT IS FURTHER ORDERED** that Defendant, and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive

actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or finances of any Defendant, including, but not limited to, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, recordings, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns.

## PROHIBITION ON RELEASE OF
## CUSTOMER INFORMATION OR CUSTOMER LISTS

**IX.    IT IS FURTHER ORDERED** that Defendant, and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any mortgage, credit repair service, credit-related product, program, or service, or mortgage loan modification service.

*Provided, however,* that customer information may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order a law enforcement

agency or as required by any law, regulation, or court order.

## CREDIT REPORTS

**X.     IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any credit reporting agency may furnish a consumer credit report concerning Defendant to the Commission at the Commission's request.

## DURATION OF THE PRELIMINARY INJUNCTION

**XI.     IT IS FURTHER ORDERED** that, the Preliminary Injunction granted herein shall continue until a final judgment and order is issued in this matter.

## NOTIFICATION OF BUSINESS ACTIVITIES

**XII.    IT IS FURTHER ORDERED** that:

   A.   Defendant is restrained and enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for Plaintiff a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

   B.   Defendant shall notify Plaintiff at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action. Each notice shall include the Defendant's new business address and a statement of the nature of the business or employment and the nature of his duties and responsibilities in connection with that business or employment.

## SERVICE OF ORDER

**XIII. IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission or email, by employees or agents of the Plaintiff, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**XIV. IT IS FURTHER ORDERED** that Defendant, within three (3) business days of receipt of this Order, must submit to counsel for Plaintiff a truthful sworn statement acknowledging receipt of this Order.

## PROOF OF DISTRIBUTION OF ORDER BY DEFENDANT

**XV. IT IS FURTHER ORDERED** that Defendant shall immediately provide a copy of this Order to his agents, servants, employees, consultants, and any affiliated businesses, and other persons and entities subject in any part to his direct or indirect control. Within five (5) business days of receipt of this Order, Defendant must submit to counsel for Plaintiff a truthful sworn statement identifying those persons and entities to whom this Order has been distributed.

## CORRESPONDENCE WITH THE FTC

**XVI. IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Jessica D. Gray, Esq.
> Federal Trade Commission
> 225 Peachtree Street, Suite 1500
> Atlanta, Georgia 30303

**SO STIPULATED:**

**FOR PLAINTIFF**
**FEDERAL TRADE COMMISSION:**

*(signature)*

JESSICA D. GRAY, Trial Counsel
Special Florida Bar Number A5500840
Federal Trade Commission
Southeast Regional Office
225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
Email: jgray@ftc.gov


**FOR DEFENDANT**
**JAMEN LACHS:**

*(signature)*

Jamen Lachs, *Pro Se*
19248 Bay Leaf Court
Boca Raton, FL 33498

IT IS SO ORDERED, this 31st day of MAY, 2011.

*(signature)*

James I. Cohn
United States District Judge