UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-CV-80155-COHN/SELTZER

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

U.S. MORTGAGE FUNDING, INC.,
a Florida corporation,

DEBT REMEDY PARTNERS, INC.,
a Florida corporation,

LOWER MY DEBTS.COM, LLC,
a Florida limited liability company,

DAVID MAHLER, individually and as an officer
of Debt Remedy Partners, Inc. and
as a former officer of U.S. Mortgage, Inc.,

JOHN INCANDELA, JR., a.k.a. Jonathan
Incandela, Jr., individually and as a former director
of U.S. Mortgage Funding, Inc. and a manager of
Lower My Debts.com, LLC, and

JAMEN LACHS, individually and as an officer of
U.S. Mortgage Funding, Inc.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PAYMENT OF ATTORNEYS' FEES

**THIS CAUSE** is before the Court on Defendant Debt Remedy Partners, Inc.'s Motion for Payment of Attorneys' Fees from Funds Being Held by Receiver [DE 85] ("Motion"). The Court has reviewed the Motion, the Federal Trade Commission's Opposition [DE 86] ("Opposition"), Defendant Debt Remedy Partners, Inc.'s Reply [DE 96], and is otherwise advised in the premises.

Defendant Debt Remedy Partners, Inc. ("DRP") and Defendant David Mahler ("Mahler") seek an order "disbursing reasonable attorneys' fees and expenses in the

amount of $26,077.45 to Greenspoon Marder, P.A. ('Greenspoon') for work performed by Greenspoon [on behalf of DRP and Mahler] during the months of March and April of 2011."[1]  Motion at 1-2.  The Federal Trade Commission ("FTC") opposes the Motion because "1) entry of the asset freeze was proper and should remain in full effect; 2) Defendants have an alternative method for paying their legal fees; and 3) Defendants have no right or entitlement to use the frozen assets to fund a defense."  Opposition at 2.

      The FTC's first argument – that the "entry of the asset freeze was proper and should remain in full effect" – sets forth the procedural history of this case and then concludes with the following statement: "The Court specifically has preserved [DRP and Mahler's] assets to ensure effective final relief, not for DRP and Mahler's continued use and enjoyment."[2]  Opposition at 5.  Ostensibly, the FTC intended to argue that by granting the relief sought in the Motion, the purpose of the Order Granting in Part and Denying in Part the Motion for Preliminary Injunction and Asset Freeze [DE 59] will be undermined.  The Court disagrees.

      The purpose of the Order Granting in Part and Denying in Part the Motion for Preliminary Injunction and Asset Freeze [DE 59], insofar as it pertains to the frozen assets, was to prevent the defendants from improperly wasting or concealing their assets before the conclusion of this case.  Allowing DRP and Mahler to use some of the frozen assets to fund their defense does not undermine the essential purpose of the Order Granting in Part and Denying in Part the Motion for Preliminary Injunction and

---

[1]    The assets of DRP and Mahler remain frozen pursuant to Court orders.  See DE's 21, 59.

[2]    The Court assumes that for DRP and Mahler, the payment of more than $26,000.00 in legal fees does not qualify as "enjoyment."

Asset Freeze [DE 59]. The Court therefore rejects the FTC's first argument.[3]

Alternatively, in its second argument, the FTC maintains that the Court should deny the Motion "because Defendants [DRP and Mahler] have an alternative method of paying for their legal fees." Motion at 5. The FTC submits that DRP and Mahler should pay their legal fees from the profits of their lawful business activities. See id. ("Clearly, the PI Order anticipates that by allowing Defendants to freely continue to conduct their debt negotiation and settlement business, Defendants will generate income after entry of the PI Order to pay for expenses incurred during the pendency of this litigation, including attorneys' fees."). If DRP and Mahler had actually generated a meaningful amount of income after the entry of the Order Granting in Part and Denying in Part the Motion for Preliminary Injunction and Asset Freeze [DE 59], the Court would be inclined to agree. DRP and Mahler, however, are not generating enough income to support their business activities, let alone pay attorneys' fees in this matter.[4] The Court therefore rejects the FTC's second argument.

Lastly, in its third argument, the FTC contends that "Defendants [DRP and Mahler] have no right or entitlement to use the frozen assets to fund a defense of this action." Motion at 6. The filing of the Motion demonstrates that both DRP and Mahler understand that they do not have unfettered access to the frozen assets.

---

[3] The Court recognizes that by granting the relief sought in the Motion, if the FTC prevails in this case against Mahler and DRP, there will be $26,077.45 less to pay the alleged $12 million in losses.

[4] On June 3, 2011, the Court held a Status Conference to determine the parties' compliance with the Court's Order Granting in Part and Denying in Part the Motion for Preliminary Injunction and Asset Freeze [DE 59]. See Civil Minutes [DE 95]. The Court-appointed Receiver represented to the Court that (1) DRP is experiencing serious financial difficulty and (2) in his opinion, Defendants Debt Remedy Partners, Inc. and David Mahler's request for attorneys' fees is reasonable.

Notwithstanding, as the FTC acknowledges in its Opposition, "it is within the Court's discretion" to grant the relief that DRP and Mahler seek in the Motion. Opposition at 6. Because Defendants DRP and Mahler have no other funds with which to pay their attorneys' fees, and the rates charged by Greenspoon are reasonable,[5] the Court, in its discretion, finds that Defendants DRP and Mahler have shown good cause for the relief sought. Cf. Fed. Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554 (1987) ("[T]he court cannot assume the wrongdoing before judgment in order to remove the defendants' ability to defend themselves. . . . [S]ome kind of an allowance must be made to permit each defendant to pay reasonable attorneys' fees if he is able to show that he cannot pay them from new or exempt assets . . . .").

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Debt Remedy Partners, Inc.'s Motion for Payment of Attorneys' Fees from Funds Being Held by Receiver [DE 85] is **GRANTED**. Michael I. Goldberg, the Court-appointed Receiver in this case, shall pay Greenspoon Marder, P.A. $26,077.45 from DRP and Mahler's assets that are subject to the receivership set forth in the Court's Order Granting in Part and Denying in Part Motion for Preliminary Injunction and Asset Freeze [DE 59].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of June, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

---

[5] The Federal Trade Commission's Opposition does not address the reasonableness of the fees that Defendant DRP and Mahler's counsel have charged in this case. The Court therefore infers that the FTC concedes that both the hourly rate and number of hours billed by counsel are reasonable.