UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-80155-COHN/SELTZER

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

U.S. MORTGAGE FUNDING, INC.,
a Florida corporation,

DEBT REMEDY PARTNERS, INC.,
a Florida corporation,

LOWER MY DEBTS.COM, LLC,
a Florida limited liability company,

DAVID MAHLER, individually and as an officer
of Debt Remedy Partners, Inc. and
as a former officer of U.S. Mortgage, Inc.,

JOHN INCANDELA, JR., a.k.a. Jonathan
Incandela, Jr., individually and as a former director
of U.S. Mortgage Funding, Inc. and a manager of
Lower My Debts.com, LLC, and

JAMEN LACHS, individually and as an officer of
U.S. Mortgage Funding, Inc.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO ADMIT CONSUMERS' DECLARATIONS AND COMPLAINTS

**THIS CAUSE** is before the Court on Plaintiff's Motion in Limine and Memorandum of Law in Support Thereof for Admission of Consumers' Declarations and Complaints [DE 90] ("Motion"). The Court has reviewed the Motion, Defendants' Debt Remedy Partners and David Mahler's Opposition to Plaintiff's Motion in Limine [DE 98]

("Opposition"), the docket in the case, and is otherwise advised in the premises.[1]

Plaintiff Federal Trade Commission ("FTC") asks the Court to rule that consumers' declarations and complaints previously submitted to this Court and the Defendants are admissible evidence at trial pursuant to Federal Rule of Evidence 807.[2] Specifically, the FTC seeks to admit thirty sworn declarations, as well as 296 unsworn consumer complaints, for the truth of the matter asserted therein.  The FTC seeks this relief because the admission of the statements "will make relevant evidence available for consideration and is a more efficient means for demonstrating the experience of and injury to consumer victims because it will significantly reduce the number of consumers the FTC will need to have travel to Florida to testify in person during the trial." Motion at 2.  Despite Plaintiff's argument, "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances, and it applies only when certain exceptional guarantees of trustworthiness exist and when high degrees of

---

[1] Plaintiff did not file a reply and the time for filing a reply has passed.

[2] Federal Rule of Evidence 807 provides as follows:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

probativeness and necessity are present." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009) (quotations and citations omitted).

Throughout the FTC's Motion, the FTC submits that "reasonable effort would not produce evidence <u>more</u> probative on the point for which [the sworn declarations and unsworn complaints] are offered" and "reasonable efforts would not have produced evidence <u>more</u> probative on the point for which the declarations were offered." <u>See, e.g.</u>, Motion at 2, 4 (emphasis added). As noted above, however, the Rule requires that "<u>the statement</u> is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Fed. R. Evid. 807 (emphasis added). Thus, the Rule requires that the <u>offered statement</u> be more probative than any other evidence, whereas the FTC's characterization of the Rule requires only that the offered statement be <u>as</u> probative as other evidence procured through reasonable efforts.[3]

Regardless, district courts, in their discretion, have allowed the FTC to use consumer affidavits and complaints for the truth of the matter therein under the residual hearsay exception. <u>See, e.g.</u>, <u>FTC v. Kuykendall</u>, 312 F.3d 1329 (10th Cir. 2002), <u>vacated on other grounds</u>, 371 F.3d 745; <u>FTC v. Figgie Int'l, Inc.</u>, 994 F.2d 595, 608-09 (9th Cir. 1993) ("Conceivably, FTC could bring letter-writers into court to swear, under

---

[3] To be fair, the FTC sometimes states the rule correctly in its Motion. <u>See, e.g.</u>, Motion at 7 ("[T]he statements provided in consumers' declarations and complaints are more probative of the Defendants' business practices than any other evidence the Commission could reasonably obtain."). The FTC, however, has not persuaded the undersigned that (1) the statements provided in consumers' declarations and complaints would be more probative than live testimony from the declarants or (2) that the FTC could not procure live testimony through reasonable efforts.

oath and subject to cross-examination, that the contents of their letters were true. But such efforts would not be reasonable."); FTC v. Amy Travel Serv., Inc., 875 F.2d 564 (7th Cir. 1989) ("The interests of justice are served by allowing the affiants to submit affidavits instead of requiring their appearance in court. The defendants ran a nation-wide telemarketing operation and it would be cumbersome and unnecessarily expensive to bring all the consumers in for live testimony.").

The relevant consumer affidavits offered for the truth of the matter asserted have sufficient circumstantial guarantees of trustworthiness.  First and foremost, the affidavits are sworn under penalty of perjury.  Also, each affidavit sets forth an individual consumer's experience that is substantially similar to other declarants' experiences.

In addition to circumstantial guarantees of trustworthiness, the affidavits constitute evidence that consumers sustained actual injury from Defendants' actions – a material factual issue in this case.  Furthermore, the Defendants have had an ample opportunity to depose the declarants or otherwise oppose the declarations. Notwithstanding, as set forth below, the FTC has failed to demonstrate that it could not obtain equally probative non-hearsay evidence with reasonable efforts.

It would be unreasonable for the FTC to call 296 separate witnesses to testify to the facts set forth in the consumer complaints, and "[live] testimony from the letter-writers is not likely to be any more reliable than the letters themselves." Id. (citing Dallas County v. Commercial Union Assurance Co., 286 F.2d 388 (5th Cir. 1961)). Admitting the consumer complaints therefore "'furthers the federal rules' paramount goal of making relevant evidence admissible.'" Id. (quoting Weinstein & Berger at 803-381).  Lastly, as with the affidavits, Defendants have had ample time to review and

oppose the consumer complaints.

Notwithstanding, Defendant David Mahler ("Mahler") and Defendant Debt Remedy Partners, Inc. ("DRP") submit that (1) only a small number of the documents relate to them and (2) they are the only "live" Defendants in this case.  See Opposition at 3.  Mahler and DRP therefore argue that most of the documents are irrelevant in a case against only them.[4]  See id.  Plaintiff did not file a reply in support of its Motion, so the Court does not know Plaintiff's position on this point.

If trial proceeds against only Defendants Mahler and DRP, and only a small percentage of the affidavits or consumer complaints pertain to Mahler, DRP, or both, it ostensibly becomes more reasonable for the FTC to call live witnesses.  Plaintiff has not carried its burden to show that all 326 of the proffered documents are relevant to a case against Mahler and DRP, nor has Plaintiff carried its burden to show that it would be unreasonable to procure live testimony from the subset of declarants who provided evidence relevant to Mahler, DRP, or both.  Likewise, Plaintiff offers no argument that the proffered statements are more probative than live testimony in a case against Mahler or DRP.  Stated differently, the thirty sworn declarations and 296 unsworn complaints are not "more probative on the point for which [they are] offered than any other evidence which the proponent can procure through reasonable efforts."  Fed. R. Evid. 807.[5]

---

[4] Plaintiff's Motion refers only to "Defendants" without defining that term or otherwise differentiating between any of the six defendants in this case.  Only Defendants DRP and Mahler have answered Plaintiff's Complaint.

[5] The relevant sworn declarations and unsworn complaints are admissible in a default proceeding against the other defendants.

In light of the foregoing, it is **ORDERED AND ADJUDGED** Plaintiff's Motion in Limine and Memorandum of Law in Support Thereof for Admission of Consumers' Declarations and Complaints [DE 90] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of July, 2011.

JAMES I. COHN
United States District Judge